WILLIAM N. BENNETT and ANNE D. BENNETT, complainants-respondents,

*v.*

KATHERINE C. HAERLIN, defendant-appellant.

[Submitted October term, 1932. Decided January 31st, 1933.]

*Mr. Max A. Strum,* for the complainants-respondents.

*Mr. Joseph A. Fuerstman (Mr. Charles Kanter,* of counsel), for the defendant-appellant.

The opinion of the court was delivered by

CASE, J.

This is an appeal from a decree in chancery rendered on the advice of Vice-Chancellor Fallon. The complainants sought and were granted a mandatory injunction directing the defendant to remove a newly constructed garage from her property upon the ground that the restrictive covenants in the title of the defendant, as well as in the title of all other neighborhood owners similarly situated, constitute a neighborhood or community scheme such as to prevent the defendant from erecting such a structure.

The defendant owned a corner property with its rear line against the sideline of the complainants' property. The complainants contended, and the court found, that there was a neighborhood scheme in accordance with which corner properties were restricted from constructing garages although inside properties, so-called, were granted that privilege. The appellant submits that the vice-chancellor erred on the facts and that there is nothing in the evidence to sustain such a finding.

The complainants introduced no testimony at all on their main case and none in rebuttal that bore upon the neighborhood scheme. There was no documentary proof except a brief letter from defendant informing the complainants that she was about to construct the garage. Complainants apparently relied upon the probative effect of a colloquy had between counsel at the beginning of the hearing. The lots of the com-

plainants and the lots of the defendant, as also all the other lots in the neighborhood, came from a common grantor; those of the complainants immediately, those of the defendant through an intervening owner. The complainants' deed contained this provision:

"The above described premises being conveyed expressly subject to the following restrictions: * * * that no stable or any outbuildings of any kind shall be erected on said lots, excepting a garage, and that only on the rear end of the above described lots * * *."

The deed for the defendant's premises, as given from the original developer to the defendant's grantor, contained this restriction:

"* * * that no stable or any outbuildings of any kind shall be erected on said lots * * *."

The vice-chancellor held that a detached garage is an outbuilding within the intent of the last mentioned restriction. In that we think he was right as also in the further holding that the complainants, to prevail, must rely upon the theory of a neighborhood scheme and may not obtain, as indeed they do not seek, relief upon the individual covenant as though they had privity, either of legal estate or of contract, with the defendant.

The complainants, attempting to set up as a general scheme that all of the owners of corner lots in this neighborhood development were restricted from constructing garages thereon, must carry the burden of proof, because a neighborhood scheme of restrictions, to be effective and enforceable, must apply to all lots of like character brought within the scheme. To that extent it must be universal and reciprocal. *Scull* v. *Eilenberg, 94 N. J. Eq. 759.* It will not suffice for the complainants to leave the proofs in such shape that a reasonable doubt remains; for to doubt is to deny. Courts of equity do not aid one man to restrict another in the uses to which he may put his land unless the right to such aid is clear. *Fortesque* v. *Carroll, 76 N. J. Eq. 583.*

We do not find the proofs necessary to the support of complainants' case. We observe that the solicitor for the com-

plainants sought to induce his opponent to agree to stipulate that the deeds for the corner plots in the tract contained a restriction against "stable or outbuildings of any kind" but the defendant's solicitor refused to concede that that assertion was universally so. We excerpt from the colloquy certain expressions by the defendant's solicitor that illustrate this:

"Some of the deeds out of that tract taken at random by the searcher are contained in an affidavit made by the searcher and will show the lack of uniformity—will show a difference, a variance between the restrictions contained in these deeds included in this affidavit. * * * One deed contains no recitals as to outbuildings. Another contains a restriction among other things against outbuildings but does not except the garage. Another says no outbuilding excepting garage for private use. Another says no outbuilding excepting a garage for private use. I am taking the deeds as they run. Another says no outbuilding excepting a garage. Another says no outbuilding except a garage. Another says no outbuilding excepting a suitable garage * * *," &c.

At the close of the characterization by defendant's counsel of the deeds in the tract generally the solicitor for the complainants said:

"We had better set forth that 'no stable or outbuilding of any kind' generally refers to corner plots;" whereupon the solicitor for the defendant asserted:

"That is not universally so. * * * He [solicitor for the complainants] says it was inserted more frequently in corner plots out of that tract but not universally. Some of the corner plots have permits to erect garages the same as the inside plots. * * * The proof will be there are at least twelve corner lots within a short radius of defendant's garage upon which there are garages. * * *"

Near the close of the discussion the court addressed the defendant's solicitor as follows:

"Do you mean that there is no general building scheme restriction which is uniform and intended to be for the benefit of all parties in interest?" to which the reply was:

"Not only that, but there is no personal right given to any grantee to object to the nature of the construction of any other party's property."

It was finally said by the solicitor of the complainants:

"I rest my case on the stipulation as to what the record will disclose as to the restrictions and as to the restrictions contained in the complainants' deed and the defendant's deed, and as it affects the other property in the same tract."

We find no stipulation that the clause restricting against the erection of garages was universally inserted in deeds for corner plots out of the common grantor; neither do we find proof thereof. On the contrary, the defendant, supplementing her contention as already expressed, brought out testimony that within three blocks of her property there were about fourteen garages on corner lots and produced photographs of various garages on corner properties within two blocks of the defendant's lot, the conveyances for these properties being out of the common grantor.

Inasmuch as the record fails to disclose either admission or clear proof of a scheme, universal throughout the neighborhood development, of restricting corner lots against the construction of garages, it follows that the decree brought up by this appeal should be reversed.

A *remittitur* may be entered to the end that complainants' bill may be dismissed.

*For affirmance*—None.

*For reversal*—The Chancellor, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Brogan, Heher, Kays, Hetfield, Wells, Kerney, JJ. 13.